UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


HECTOR JENKINS,
        Plaintiff,


        v.                                              CIVIL ACTION NO. 16-11548-PBS



JEFFREY WINIK, MICHAEL NEVILLE,
PAUL BURKE, PAULA CAREY,
HARRY SPENCE, MARK CONLON,
EAMONN GILL, ELIZABETH DAY,
ANTOINETTE RODNEY-CELESTINE,
TIMOTHY SULLIVAN,
BOSTON HOUSING COURT OF THE
COMMONWEALTH OF MASSACHUSETTS,
THE MASSACHUSETTS TRIAL COURT,
MASSACHUSETTS ATTORNEY GENERAL,
        Defendants.



REPORT AND RECOMMENDATION ON DEFENDANTS
MASSACHUSETTS TRIAL COURT AND
THE BOSTON HOUSING COURT OF
THE COMMONWEALTH OF MASSACHUSETTS'S
MOTION TO STRIKE PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT
AND FOR DISMISSAL OF THE REMAINING TITLE VII CLAIM (#57).


KELLEY, U.S.M.J.

        The facts of this case were detailed in the prior Report and Recommendation on Defendants

Boston Housing Court, the Massachusetts Trial Court and the Massachusetts Attorney General's

Office's Motion to Dismiss the Amended Complaint. (#43.) Familiarity by the reader is presumed.

The District Judge to whom this case is assigned endorsed that Report and Recommendation as

follows: "After a review of the objections, I adopt the report and recommendation and dismiss the

claims with prejudice except the Title VII claim in count II which will be dismissed unless plaintiff, who is pro se, amends it to meet the deficiencies outlined by the magistrate judge within 30 days." (#50.) Plaintiff Hector M. Jenkins filed a second amended complaint (#54) on June 13, 2017. Remaining defendants, the Massachusetts Trial Court and the Boston Housing Court of the Commonwealth of Massachusetts, have moved to strike plaintiff's pleading and seek dismissal of the remaining Title VII claim. (#57.)

In his first amended complaint (#24), plaintiff advanced two Title VII claims against the court defendants: In Count II, Jenkins claimed that the court defendants engaged in unlawful practices by failing to promote him and, in Count III, he alleged that the court defendants retaliated against him by terminating him. Chief Judge Saris granted plaintiff leave to replead only the failure to promote claim. To the extent Jenkins has attempted to plead any new or additional claims in his second amended complaint beyond the failure to promote claim, those claims should be stricken.

One of the deficiencies noted in the first amended complaint was plaintiff's failure to "allege relevant dates." (#43 at 11.) In his second amended complaint, Jenkins remedies this shortfall by alleging dates pertinent to his failure to promote claim. Specifically, plaintiff was not promoted in "late 2004" when Michael T. Neville was appointed Acting Chief Housing Specialist, the position sought by Jenkins. (#54 ¶ 17.) Alternatively, the latest date upon which Jenkins could be viewed as not having been promoted was "in 2005" when Neville was appointed permanently to the position of Chief Housing Specialist. *Id*. ¶ 18. These dates reveal that the failure to promote claim is time-barred.

Title VII requires that a charge be filed with the Equal Employment Opportunity Commission (EEOC) within 180 days after the alleged unlawful employment practice occurred, or within 300 days if the aggrieved person has initially instituted proceedings with a state or local

agency. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 104-05 (2002); 42 U.S.C. § 2000e-5. Before an employee may sue in federal court on a Title VII claim, he must first exhaust administrative remedies, which include the ***timely*** filing of a charge with the EEOC and the receipt of a right-to-sue letter from the agency. *Franceschi v. U.S. Dep't of Veterans Affairs*, 514 F.3d 81, 85 (1st Cir. 2008) (emphasis added); *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005).  Jenkins filed his EEOC charge based on the 2004/2005 failure to promote on December 21, 2016, well outside the time parameters established by the statute. (#58, Exh. C.[1])

The Supreme Court has identified the failure to promote as a "discrete" act of discrimination. *Morgan*, 536 U.S. at 114.

> [D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred.

*Id*. at 113; *see also Svensson v. Putnam Investments LLC*, 558 F. Supp. 2d 136, 139-40 (D. Mass. 2008). Moreover, Chief Judge Saris has concluded: "The discovery rule does not save these failure to promote claims. In an employment discrimination case under federal law, the limitations period begins to run when the claimant learns of the adverse employment action, not when a plaintiff learns of the improper motives." *Svensson*, 558 F. Supp. 2d at 140 (citing *Morris v. Gov't Dev. Bank of P.R.*, 27 F.3d 746, 748–50 (1st Cir. 1994)); *see also Poirier v. Massachusetts Dep't of Correction,* 186 F. Supp. 3d 66, 68-69 (D. Mass. 2016).

---

[1] In his EEOC charge, Jenkins did not state when the alleged failure to promote occurred. (#58, Exh. 3.) In its Dismissal and Notice of Rights on plaintiff's charge, the EEOC determined that: "Based on its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." (#39.)

Because Jenkins did not file a timely charge for discriminatory failure to promote with the EEOC, his Title VII claim for failure to promote is time-barred. I RECOMMEND that Defendants Massachusetts Trial Court and the Boston Housing Court of the Commonwealth of Massachusetts's Motion to Strike Plaintiff's Proposed Second Amended Complaint and for Dismissal of the Remaining Title VII Claim (#57) be ALLOWED.

<u>Review by District Court Judge</u>.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Federal Rules Civil Procedure, shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs*., 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

November 3, 2017

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge

4