UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HECTOR JENKINS,
    Plaintiff,

v.                                                                                                                CIVIL ACTION NO. 16-11548-PBS

BOSTON HOUSING COURT OF THE
COMMONWEALTH OF MASSACHUSETTS,
THE MASSACHUSETTS TRIAL COURT,
    Defendant.

REPORT AND RECOMMENDATION ON
DEFENDANT THE HOUSING COURT DEPARTMENT
OF THE CITY OF BOSTON OF
THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS'
<u>MOTION FOR RECONSIDERATION (#69)</u>.

KELLEY, U.S.M.J.

      The facts of this case have been extensively detailed in the prior Reports and Recommendations (*see*, *e.g.*, ##43, 60) and the Memorandum and Order (#66). General familiarity by the reader is presumed, although specific facts necessary to resolve the motion at hand will be recited.

      In March 2017, this court issued a Report and Recommendation ("R&R") (#43) recommending that the motion to dismiss the amended complaint filed by Boston Housing Court of the Commonwealth of Massachusetts, the Massachusetts Trial Court ("BHC") be allowed in its

1

entirety. Chief Judge Saris endorsed that R&R as follows: "After a review of the objections, I adopt the report and recommendation and dismiss the claims with prejudice except the Title VII claim in count II which will be dismissed unless plaintiff, who is pro se, amends it to meet the deficiencies outlined by the magistrate judge within 30 days." (#50.) Plaintiff Hector M. Jenkins filed a second amended complaint (#54); BHC moved to strike plaintiff's pleading, and sought dismissal of the remaining Title VII claim (#57). On November 3, 2017, this court issued another R&R (#60) recommending that the Title VII failure to promote claim be dismissed as time-barred, and that any remaining claims beyond the failure to promote claim be stricken as outside the scope of amendment allowed by Chief Judge Saris. Plaintiff filed an objection to the recommendation. (#62.) On March 12, 2018, Chief Judge Saris issued a Memorandum and Order on the R&R. (#66.)

In the Memorandum, Chief Judge Saris adopted the recommendation that the failure to promote claim be dismissed. *Id*. at 9. She further determined that plaintiff's hostile work environment claim should be dismissed "because there is no indication that it was exhausted at the administrative level." *Id*. Having reviewed the allegations of the second amended complaint, however, Chief Judge Saris concluded that the interests of justice favored permitting Jenkins to prosecute his retaliatory termination claim. *Id*. at 11-12.

BHC has filed a motion for reconsideration of the decision that the retaliatory termination claim is viable. (#69.)  Jenkins opposes the motion. (#72.) The motion for reconsideration has been referred to the undersigned for the issuance of a report and recommendation as to disposition.

Title VII requires that a charge be filed with the Equal Employment Opportunity Commission (EEOC) within 180 days after the alleged unlawful employment practice occurred, or within 300 days if the aggrieved person has initially instituted proceedings with a state or local agency. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 104-05 (2002); 42 U.S.C. § 2000e-

5. Before an employee may sue in federal court on a Title VII claim, he must first exhaust administrative remedies, which include the timely filing of a charge with the EEOC and the receipt of a right-to-sue letter from the agency. *Franceschi v. U.S. Dep't of Veterans Affairs*, 514 F.3d 81, 85 (1st Cir. 2008); *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005).

In this instance, the timeliness of the EEOC complaint is not an issue. Rather, BHC's argument is that the facts supporting the race-based retaliatory termination claim alleged in the second amended complaint were not in the EEOC charge, and would not have fallen within the scope of the agency's investigation. Consequently, according to BHC, Jenkins has not exhausted his administrative remedies on his race-based retaliatory termination claim.

The applicable law has been laid out by the First Circuit:

> The fact that a complainant has filed an EEO complaint does not open the courthouse door to all claims of discrimination. Rather, the scope of the federal court complaint is constrained by the allegations made in the administrative complaint: the former must 'bear some close relation' to the latter. *Jorge v. Rumsfeld*, 404 F.3d 556, 565 (1st Cir.2005). The language used in the complaint need not 'presage with literary exactitude the judicial pleadings which may follow.' *Thornton v. United Parcel Serv., Inc.*, 587 F.3d 27, 32 (1st Cir.2009) (quoting *Davis v. Lucent Techs., Inc.*, 251 F.3d 227, 233 (1st Cir.2001)). But, in order to serve the purposes of the administrative exhaustion requirement -- prompt notice to the agency and an opportunity for early resolution, *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir.1996) -- 'the factual statement in [the] written charge should have alerted the agency to [the] alternative basis of discrimination' that the plaintiff raises for the first time in court. *Thornton*, 587 F.3d at 32 (quoting *Davis*, 251 F.3d at 233) (first alteration in original).

*Velazquez-Ortiz v. Vilsack*, 657 F.3d 64, 71 (1st Cir. 2011); *Rodriguez v. United States*, 852 F.3d 67, 79 (1st Cir. 2017); *Morales–Vallellanes v. Potter*, 339 F.3d 9, 18 (1st Cir. 2003) ("[Plaintiff's] Title VII cause of action is limited to those discrimination and retaliation allegations in his amended complaint that were previously the subject of a formal EEO complaint.").

"[T]he critical question is whether the claims set forth in the civil complaint come within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge

3

of discrimination.'" *Fantini v. Salem State College*, 557 F.3d 22, 27 (1st Cir. 2009) (citations omitted); *Thornton v. United Parcel Service., Inc.*, 587 F.3d 27, 31–32 (1st Cir. 2009) ("[T]he scope of a civil action is not determined by the specific language of the charge filed with the agency, but rather, may encompass acts of discrimination which the . . . investigation could reasonably be expected to uncover.") (citation omitted); *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir.1996) ("For a claim to fall within the scope of the investigation, the plaintiff must "describe the essential nature of the claim and . . . identify the core facts on which it rests.").

Its entirety, the substance of plaintiff's EEOC complaint reads as follows:

> Around 2004, judge Winik accepted the promotion to First Justice from the new chief justice and then proceeded to bring in the protégé of the judge who promoted him to the Boston Division, and then in an in-house posting proceeded to appoint Michael Neville as the new chief of my department.
>
> In addition to the apparent conflict of interest with quid pro quo inherent that denied equal access to the position, during the interview process, when it was obvious that judge Winick was disqualifying me at the end of the interview, I asked him on what basis was he disqualifying me since I had earned an award for "excellence in management" in the private sector. He responded that he would not "feel comfortable that I would report any violations by the clerk magistrate". I am a black Hispanic and the clerk is an African American. I inquired with my fellow co-worker Patrick Yoyo, a black Haitian American, and he confirmed that he had told him the same thing. The clear inference was that he did not feel comfortable with two black managers and them reporting violations by each other.
>
> I filed the respective complaints to the court chief Paula Carey who promised an investigation, but allowed judge Winick and other accused officials at human resources department (sic) to use the investigation for a retaliatory termination, and in fact terminated me effective July 22, 2016.

#38-1. It is true, as BHC argues, that the precise factual allegations set forth in the second amended complaint are not included in the EEOC charge. The second amended complaint does incorporate many specific details about how Jenkins was allegedly treated at the BHC that are not mentioned in the EEOC complaint. However, that the second amended complaint is not the mirror image of the EEOC charge is not fatal.

4

A reasonable person reading plaintiff's EEOC complaint as a whole could view Jenkins as claiming that he made complaints based on racial discrimination, i.e., he was not promoted because he was a black Hispanic; that the chief judge promised an investigation into those race-based complaints; and that the investigation of the claims of racial discrimination was then used as a basis for plaintiff's retaliatory termination. The EEOC was sufficiently notified of Jenkins' claim of retaliatory termination, and that claim would have fallen within the scope of the agency investigation of the discrimination charge. In short, plaintiff's claim for retaliatory termination has been exhausted on the administrative level, and Jenkins should be permitted to prosecute that claim.

For the reasons stated, I RECOMMEND that Defendant the Housing Court Department of the City of Boston of the Trial Court of the Commonwealth of Massachusetts' Motion for Reconsiderations (#69) be DENIED.

Review by District Court Judge.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Federal Rules Civil Procedure, shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park*

*Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

May 30, 2018

/s/ M. Page Kelley  
M. Page Kelley  
United States Magistrate Judge