UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


HECTOR JENKINS,
    Plaintiff,


v.                                           CIVIL ACTION NO. 16-11548-PBS


BOSTON HOUSING COURT OF THE
COMMONWEALTH OF MASSACHUSETTS,
THE MASSACHUSETTS TRIAL COURT,
    Defendant.


MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDMENT
TO THE SECOND AMENDED COMPLAINT
TO ADD A COUNT FOR DISABILITY DISCRIMINATION (#86).

KELLEY, U.S.M.J.

I. Introduction.

The facts of this case have been extensively detailed in prior Reports and Recommendations (*see*, *e.g.,* ##43, 60) and a Memorandum and Order (#66). General familiarity by the reader is presumed, although specific facts necessary to resolve the motion at hand will be recited.

The initial complaint (#1) in this case was filed on July 27, 2016; the first amended complaint was filed over two months later on October 11, 2016. (#24.) In March 2017, this court issued a Report and Recommendation (R&R) (#43) recommending that the motion to dismiss the amended complaint filed by Boston Housing Court of the Commonwealth of Massachusetts, the

1

Massachusetts Trial Court (BHC) be allowed in its entirety. Chief Judge Saris endorsed that R&R as follows: "After a review of the objections, I adopt the report and recommendation and dismiss the claims with prejudice except the Title VII claim in count II which will be dismissed unless plaintiff, who is pro se, amends it to meet the deficiencies outlined by the magistrate judge within 30 days." (#50.) On June 13, 2017, plaintiff Hector M. Jenkins filed a second amended complaint (#54); BHC moved to strike plaintiff's pleading, and sought dismissal of the remaining Title VII claim (#57). On November 3, 2017, this court issued another R&R (#60) recommending that the Title VII failure to promote claim be dismissed as time-barred, and that any remaining claims beyond the failure to promote claim be stricken as outside the scope of amendment allowed by Chief Judge Saris. Plaintiff filed an objection to the recommendation. (#62.) On March 12, 2018, Chief Judge Saris issued a Memorandum and Order on the R&R. (#66.)

In the March 12th Memorandum, Chief Judge Saris adopted the recommendation that the failure to promote claim be dismissed. *Id*. at 9. She further determined that plaintiff's hostile work environment claim should be dismissed "because there is no indication that it was exhausted at the administrative level." *Id*. Having reviewed the allegations of the second amended complaint, however, Chief Judge Saris concluded that the interests of justice favored permitting Jenkins to prosecute his retaliatory termination claim. *Id*. at 11-12.

BHC filed a motion for reconsideration of the decision that the retaliatory termination claim was viable. (#69.) That motion was ultimately denied on July 9, 2018. (##73, 77, 78.) On July 27, 2018, BHC filed its answer to plaintiff's second amended complaint. (#79.) Approximately a month and a half later, on October 11, 2018, plaintiff filed a motion to amend the second amended complaint (#86) seeking to add claims under the American with Disabilities Act (ADA) and the Rehabilitation Act of 1973. BHC opposes the motion to amend. (#89.)

2

II. Applicable Standard.

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." However, "a district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part." *Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 20 (1st Cir. 2017) (quoting *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (internal quotations and further citation omitted)); *Turner v. Hubbard Sys., Inc.*, No. CIV. A. 12-11407-GAO, 2015 WL 3743833, at *2 (D. Mass. June 15, 2015) ("It is well established [. . .] that leave may be denied if it would reward undue delay or a lack of due diligence.") (citing *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

Even if a proposed amendment does not reflect undue delay or lack of diligence, "[f]utility of the amendment constitutes an adequate reason for a district court to deny [] a motion [to amend] [. . . .] In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *Morgan v. Town of Lexington, MA*, 823 F.3d 737, 742 (1st Cir. 2016) (internal quotations, internal citations and citations omitted). Under Rule 12(b)(6), it is incumbent upon the plaintiff to provide "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

III. Discussion.

A. Plaintiff's Motion Reflects Undue Delay and Lack of Diligence.

The threshold question is whether, considering the totality of circumstances, plaintiff's proposed third amended complaint has been timely filed. *Nikitine*, 715 F.3d at 390. "Plaintiffs must exercise due diligence in amending their complaints. As a corollary of that principle, busy trial courts, in the responsible exercise of their case management functions, may refuse to allow

plaintiffs an endless number of trips to the well." *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 58 (1st Cir. 2006). The First Circuit has reiterated that "when a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *Nikitine*, 715 F.3d at 390–91 (internal quotations and citation omitted) (upholding denial of leave to file a first amended complaint where plaintiff waited nine months). Moreover, a plaintiff is not entitled to "scramble[e] to devise 'new theories of liability [ ] based on the same facts pled in his original complaint [. . . and] theories that could and should have been put forward in a more timeous fashion." *Id*. at 391 (internal quotations, internal citations and citations omitted); *Mulder*, 865 F.3d at 21.

In his proposed amendment, plaintiff alleges that he filed a complaint with the Equal Employment Opportunity Commission (EEOC) on or about December 30, 2016, raising ADA and Rehabilitation Act claims (#86-1 ¶ 81), and that the EEOC issued a right to sue letter on January 25, 2017. (#86-1 ¶ 82.) Jenkins filed that right to sue letter in this case on January 30, 2017. (##39, 40.) Despite having had possession of the right to sue letter for five months, plaintiff did not seek to add an ADA or Rehabilitation Act claim in the second amended complaint which he filed on June 13, 2017. Instead, he waited until October 2018, twenty-one months after receipt of the right to sue letter, to attempt to bring these claims. (#86.)

Although Jenkins asserts that he could not bring the claims earlier because he had been busy fending off various motions filed by defendants, this argument simply does not carry the day. "'This is not a case of new allegations coming to light following discovery, or of previously unearthed evidence surfacing.'" *Mulder*, 865 F.3d at 21 (quoting *Villanueva v. United States*, 662 F.3d 124, 127 (1st Cir. 2011)). Plaintiff had the right to sue letter when he filed the second amended complaint, yet did not assert an ADA or Rehabilitation Act claim. It was well over a year *after* the

second amended complaint was filed that Jenkins requested leave to add these claims. Plaintiff knew he had exhausted his administrative remedies and, despite having had adequate opportunity to add his ADA and Rehabilitation Act claims, chose to do nothing for an extended period of time. It is simply too late to add the claims now.

B. Plaintiff's Proposed Amendments Would Be Futile.

Even if plaintiff had acted diligently, leave to amend would not be granted where such amendment would be futile under the Rule 12(b)(6) pleading standard. *See Morgan*, 823 F.3d at 742. Under Rule 12(b)(6), "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Jenkins, who has been diagnosed with bipolar disorder, contends that his "termination was based on the perception (accurate or inaccurate) that he was 'crazy' and could not perform his job duties" (#86-1 ¶ 76) or, alternatively, that defendants failed to provide him with reasonable accommodations that would have allowed him to perform his job (#86-1 ¶ 80). These claims fall under Title I of the ADA, 42 U.S.C. § 12111 *et seq.*, which prohibits discrimination in employment "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

Defendant BHC[1] is part of the judicial branch of the Commonwealth. *See https://www.mass.gov/state-a-to-z* (last visited 11/01/2018). The law is clear:

> The Supreme Court has consistently held that an unconsenting State is immune [under the Eleventh Amendment] from suits brought in federal courts by her own citizens as well as by citizens of another State. When enacting legislation, however, Congress has the authority to abrogate the States' Eleventh Amendment immunity

---

[1] The Housing Court is one of seven Trial Court Departments within the Trial Court. *See* https://www.mass.gov/state-a-to-z (last visited 11/01/2018).

5

>when it unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority. Unless Congress has properly abrogated the Eleventh Amendment State immunity or the State has consented to being sued, a suit against State officials in their official capacity would be similarly barred.

*Burnham v. Massachusetts*, 299 F. Supp. 3d 319, 322 (D. Mass. 2018) (internal citations and quotation marks omitted). Here, the state enjoys immunity; plaintiff's ADA claims are barred by the Eleventh Amendment. That Jenkins seeks equitable relief in the form of reinstatement (#86-1 at 3) in addition to monetary damages does not change the result. *See Irizarry-Mora v. Univ. of Puerto Rico*, 647 F.3d 9, 11 n.1 (1st Cir. 2011) ("In the absence of consent, waiver, or abrogation, the Eleventh Amendment bars suit against states themselves regardless of the form of relief sought."). Because plaintiff's proposed ADA claims are futile, the motion to amend to add those claims will be denied.

Next, BHC argues that plaintiff's attempt to plead a Rehabilitation Act claim is unavailing. In relevant part, § 504 of the Rehabilitation Act provides:

>No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). The Supreme Court explained the purpose of § 504 as being "to assure evenhanded treatment and the opportunity for handicapped individuals to participate in and benefit from programs receiving federal assistance." *Alexander v. Choate*, 469 U.S. 287, 304 (1985) (citation omitted).

In order to allege a claim under § 504 of the Rehabilitation Act, plaintiff "must show (1) that []he is disabled; (2) that []he sought services from a federally funded entity; (3) that []he was 'otherwise qualified' to receive those services; and (4) that []he was denied those services 'solely

by reason of h[is] . . . disability.'" *Lesley v. Hee Man Chie*, 250 F.3d 47, 52–53 (1st Cir. 2001) (quoting 29 U.S.C. § 794(a)); *Leary v. Dalton*, 58 F.3d 748, 752 (1st Cir. 1995); *Drachman v. Boston Scientific Corp.*, 258 F. Supp. 3d 207, 211 (D. Mass. 2017); *C.D. by & through M.D. v. Natick Pub. Sch. Dist.*, No. CV 15-13617-FDS, 2017 WL 3122654, at *26 (D. Mass. July 21, 2017). There are no factual allegations regarding federal funds either in the second amended complaint or the proposed amendment. Absent any allegation that defendant BHC is the recipient of federal funding, plaintiff has failed to allege an element of a § 504 claim, and the proposed amendment fails. Brown v. Massachusetts Office on Disability, No. CIV A 06-12029-RWZ, 2008 WL 687412, at *6 (D. Mass. Mar. 7, 2008) (further citation omitted); *Crevier v. Town of Spencer*, 600 F. Supp. 2d 242, 264 (D. Mass. 2008); *McDonald v. Com. of Mass.*, 901 F. Supp. 471, 477–78 (D. Mass. 1995) ("There is no question but that receipt of federal financial assistance is an element of the cause of action under the Rehabilitation Act. . . . At no place in his amended complaint does McDonald make any allegation with respect to 'federal financial assistance.' On this ground alone, the amended complaint is fatally deficient under Rule 12(b)(6) for failing to state a claim.").

Lastly, defendant contends that in the second amended complaint, plaintiff has alleged several reasons why he was terminated. For example, Jenkins claims that he suffered retaliatory termination because he complained about racial discrimination in employment. (#54 ¶¶ 55-57.) In his proposed amendment, plaintiff alleges that he was terminated on account of his disability. (#86-1 ¶¶ 75-79.) By its terms, the Rehabilitation Act requires an individual to have suffered discrimination "*solely* by reason of . . . his disability." 29 U.S.C. § 794(a) (emphasis added). Because Jenkins has alleged various grounds for his termination, not only disability, the Rehabilitation Act claim must fail. *See Leary,* 58 F.3d at 752 ("Section 504 alone, however,

7

continues to require a showing that the plaintiff's disability was the *sole* reason for the defendant's adverse action.") (emphasis in original); *Johnson v. Thompson*, 971 F.2d 1487, 1493 (10th Cir. 1992); *Brown,* 2008 WL 687412, at *5 ("her Complaint does not allege that the MOD terminated her "solely because of [her] handicap," rather, it claims that the MOD terminated her for "discriminatory reasons to replace the plaintiff with a politically connected individual as a result of budget cuts." Therefore, it fails to allege an essential element of a Rehabilitation Act claim.") (internal citations omitted); *Alfano v. Bridgeport Airport Servs., Inc.*, No. 3:04CV1406 (JBA), 2006 WL 1933275, at *3 (D. Conn. July 12, 2006) ("While plaintiff's allegations that two discriminatory reasons motivated his termination, if proved, reflect reprehensible conduct potentially actionable under some federal statute(s), they preclude a successful Rehabilitation Act claim. . . . Indeed, one of the few differences between the Rehabilitation Act and the Americans with Disabilities Act (ADA) is the Rehabilitation Act's limitation to denial of benefits solely by reason of disability, whereas the ADA covers situations in which discrimination on the basis of disability is one factor, but not the only factor, motivating an adverse employment action.") (internal citations and quotation marks omitted).

IV. Conclusion and Order.

Because the proposed amendment is untimely, and the proposed claims are futile, it is ORDERED that Plaintiff's Motion for Leave to File an Amendment to the Second Amended Complaint to Add a Count for Disability Discrimination (#86) is DENIED.

November 15, 2018

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge